# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.

MARKETUS L. REED,

    *Defendant.*

Case No. 15-10083-01-EFM

**MEMORANDUM**

This memorandum is in response to Defendant's Objection Number 1 to the Presentence Investigation Report ("PSR") (Doc. 33). Defendant Marketus L. Reed objected to Paragraph 38 of the PSR, which classified his prior conviction in Kansas for robbery as a "crime of violence." Because the U.S. Probation Office classified the offense as a "crime of violence," Reed's base offense level was determined by Probation to be 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). But Reed's base offense level would only be 14 if his conviction for robbery did not qualify as a crime of violence. On May 10, 2017, the Court sentenced Reed. At the hearing, the Court sustained Reed's objection. The purpose of this memorandum is to memorialize that ruling.

### I.    Factual and Procedural Background

On August 12, 2016, Defendant Marketus L. Reed entered a plea of guilty to a violation of 18 U.S.C. § 922(g)(1), that is, previously convicted felon in possession of a firearm. Before

Reed's sentencing, the U.S. Probation Office prepared a PSR using the 2015 Guidelines Manual. The PSR calculated Williams's base offense level as 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). Section 2K2.1(a) describes the applicable base offense levels for offenses under 18 U.S.C. § 922(g)(1), and provides a base level of 20 if the defendant "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."[1] But the base offense level is only 14 if the defendant "was a prohibited person at the time the defendant committed the instant offense."[2]

The PSR detailed Reed's criminal history, which included a 2005 conviction for felony robbery under K.S.A. § 21-3426 in Sedgwick County District Court. The PSR provides:

> According to the Original Complaint filed in this matter, on November 4, 2004, Colin A. Jones and Marketus L. Reed, did then and there unlawfully, take property, to-wit: bank bag with approximately $1,650 U.S. Currency from the person or presence of another, to-wit: Robert Barzegar by force or threat of bodily harm to a person, to-wit: Robert Barzegar, while Colin A. Jones and Marketus L. Reed were armed with a dangerous weapon, to-wit: a shotgun.

The U.S. Probation Office classified this conviction as a "crime of violence," resulting in a base offense level of 20 for the instant offense. Reed disagreed, arguing that the crime of conviction did not have as an element the use, threatened use, or attempted use of "violent" force, and therefore cannot qualify as a crime of violence under the Guidelines' elements clause.

## II.  Discussion

To qualify as a crime of violence under the Guidelines' elements clause, the offense must have "as an element the use, attempted use, or threatened use of physical force against the person

---

[1] U.S.S.G. § 2K2.1(a)(4)(A).

[2] U.S.S.G. § 2K2.1(a)(6)(A).

of another."[3]  Although "physical force" is not defined, under *Johnson v. United States*,[4] the phrase means "violent force" which is a "force capable of causing physical pain or injury to another person."[5]  Mere offensive touching will not suffice.[6]  Accordingly, the base offense level of 20 as calculated in the PSR will stand only if his prior robbery conviction qualifies as a crime of violence under the elements clause.  In other words, the robbery statute must require the use, attempted use, or threatened use of violent physical force against the person of another.

Reed limited his challenge to the elements clause's "physical force" component.  A two-step inquiry resolves whether the Kansas robbery statute requires physical force as that term is used in the Guidelines.  The Court "must identify the minimum 'force' required by [Kansas] law for the crime of robbery and then determine if *that* force categorically fits the definition of physical force."[7]

At the time of Reed's conviction, the Kansas robbery statute defined robbery as "the taking of property from the person or presence of another by force or by threat of bodily harm to any person."[8]  Reed argues, in full, that "[t]he aforesaid statu[te] for a robbery in Kansas does not require 'violent force.'  Therefore, the Defendant believes the conviction in Paragraph #38 does not qualify as a 'crime of violence.'"

---

[3] U.S.S.G. § 4B1.1(a)(1) (defining the term "crime of violence" for purposes of § 2K2.1(a)).

[4] 559 U.S. 133 (2010).

[5] *Id.* at 134.

[6] *See id.* at 139–42.

[7] *United States v. Harris*, 844 F.3d 1260, 1264 (10th Cir. 2017) (citing *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013)) (emphasis in original).

[8] K.S.A. § 21-3426 (2005) (current version at K.S.A. § 21-5420(a)).

-3-

While the Court typically welcomes brevity, such a brief and uninspiring effort was surprising considering the "troubling and complex issues involved in determining what crimes constitute 'crimes of violence.' "[9] In fact, at the time of Reed's objection, at least three different courts had concluded that Kansas robbery does indeed require the use, attempted use, or threatened use of physical force against the person of another.[10] Despite Reed's failure to distinguish this unfavorable precedent, and to orient the Court toward the proper legal framework, the Court must agree with his conclusion. A recent Tenth Circuit opinion, *United States v. Nicholas*,[11] dictates this result and relieves Reed's failure to sufficiently present his argument.

In *Nicholas*, the Tenth Circuit analyzed the exact robbery statute at issue here: K.S.A. § 21-3426. Upon review, the court definitively held that "Kansas robbery does not require the use, attempted use, or threatened use of violent force as defined in *Johnson*."[12]

In determining the minimum force required by Kansas law to sustain a robbery conviction, the court turned to Kansas Supreme Court precedent. In *State v. McKinney*,[13] the Kansas Supreme Court concluded that "the mere act of snatching [a] purse 'constituted the threat

---

[9] *United States v. Sherwood*, 156 F.3d 219, 222 (1st Cir. 1998).

[10] *See, e.g.*, *Robinett v. United States*, 2016 WL 2745883, at *4 (W.D. Mo. 2016) (holding that the Kansas robbery statute required the use or threatened use of physical force against another); *United States v. Sylva*, 2016 WL 7320917, at *3 (W.D. Ark. 2016) (concluding that Kansas robbery involves the actual use of physical force against the person of another); *United States v. Nicholas*, 2016 WL 300897, at *4 (D. Kan. 2016), *overruled by United States v. Nicholas*, 2017 WL 1429788 (10th Cir. 2017) (finding no merit to the defendant's argument that robbery under Kansas law was not a crime of violence).

[11] --- F. App'x ---, 2017 WL 1429788 (10th Cir. 2017).

[12] *Id.* at *5.

[13] 265 Kan. 104, 961 P.2d 1 (1998).

of bodily harm' required for a robbery conviction."[14]  Accordingly, the *Nicholas* Court held that "mere purse-snatching" was the lowest level of conduct that could support a conviction under the statute.[15]

Having determined the minimum force necessary under Kansas law to support a robbery conviction, the *Nicholas* Court then considered whether that force categorically fit the definition of "physical force."  The court recited two decisions from other circuits—*United States v. Parnell*[16] and *United States v. Bell*.[17]  Both of these cases concluded that the relevant robbery statute in the case could be applied to conduct falling short of violent force.  In *Parnell*, the robbery statute encompassed the "snatching of a purse from a victim's hand," which the court determined "does not constitute force 'capable of causing physical pain or injury to another person.'"[18]  And in *Bell*, the majority noted that a state court had previously sustained a robbery conviction based on testimony that the defendant "bumped" the victim's shoulder, "yanked" her purse away, and engaged in a "slight" struggle with the victim over the purse.[19]  Under these facts, the court in *Bell* concluded that the robbery statute could be applied to conduct falling short of violent force.[20]  In other words, the robbery statutes at issue in *Parnell* and *Bell* could both support a robbery conviction based upon the use of *de minimis* physical contact to effectuate the taking.

---

[14] *Nicholas*, 2017 WL 1429788, at *3 (quoting *McKinney*, 961 P.2d at 8).

[15] *Id.* at *4 (citing *McKinney*, 961 P.2d at 9).

[16] 818 F.3d 974, 979 (9th Cir. 2016).

[17] 840 F.3d 963, 964–67 (8th Cir. 2016).

[18] *Parnell*, 818 F.3d at 979 (quoting *Johnson*, 559 U.S. at 140).

[19] *Bell*, 840 F.3d at 966.

[20] *Id.*

The Tenth Circuit in *Nicholas* was unable to see an appreciable difference between the degree of force necessary to sustain the robbery convictions at issue in *Parnell* and *Bell*, and the level of force the defendant claimed to have used in *McKinney*. Accordingly, the court concluded that "Kansas robbery does not necessarily require the use, attempted use, or threatened use of violent force against the person of another."[21]

Therefore, according to the Tenth Circuit, robbery under K.S.A. § 21-3426 does not require the use, attempted use, or threatened use of violent force against the person of another. Although *Nicholas* concluded that Kansas robbery qualifies as a "violent felony" under the Armed Career Criminal Act's ("ACCA") elements clause, the Guidelines' elements clause is identically worded. And in the Tenth Circuit interpretations of the ACCA's elements clause apply with equal force to the Guidelines' elements clause and vice-versa.[22] The Court will therefore follow the holding in *Nicholas*—Kansas robbery does not require violent force.

Accordingly, Reed's robbery conviction did not qualify as a crime of violence. The Court therefore sustained Reed's Objection Number 1 to the PSR.

Dated this 10th day of May, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[21] *Nicholas*, 2017 WL 1429788, at *5.

[22] *See United States v. Crump*, --- F. App'x ---, 2017 WL 33530, at *1 (10th Cir. 2017).